

U.S. Department of Justice
S. Amanda Marshall
United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600     (503) 727-1000
Portland, OR 97204-2902              Fax (503) 727-1117

November 11, 2014

Ms. Tiffany Harris
121 SW Salmon Street
Suite 1420
Portland, OR 97204

Re:   *United States v. Michael Deonshae Willis, Jr.*, Case No. 3:14-CR-00033-MO
      Amended Plea Agreement

Dear Counsel:

Please review this offer with your client and confirm with me that you have done so and whether he accepts or rejects it. *Please note the expiration date set forth in paragraph 19.*

1. **Parties/Scope:**  This plea agreement is between the United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges:**  Defendant agrees to plead guilty to Counts 2 and 3 of the Superseding Indictment, which charge violations of the Mann Act (Title 18, United States Code, Section 2421). In return, the government will move to dismiss any remaining counts against this defendant at sentencing, including Count 1, which would have required a 15-year mandatory minimum sentence.

3. **Penalties:**  The maximum sentence for a Mann Act conviction is ten years in prison, a fine of $250,000, a mandatory minimum five-year term of supervised release and a lifetime maximum term of supervised release, and a $100 fee assessment for each count.  Defendant agrees to pay the $200 fee assessment by the time of sentencing or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture and abandonment of assets as set forth below.

4. **Sentencing Factors:**  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

5. **Elements and Facts:**  Defendant agrees that the government must prove, and can prove, beyond a reasonable doubt, the following essential elements of the Mann Act:

Ms. Tiffany Harris
Amended Plea Agreement for Michael Deonshae Willis, Jr.
Page 2

    (a)    First, the defendant knowingly transported a person, or caused a person to be transported, in interstate commerce; and

    (b)    Second, the defendant transported the person, or caused the person to be transported, with the intent that such person engage in prostitution.

Defendant admits that on or about July 30, 2012, in the District of Oregon and elsewhere, he knowingly transported a person named "S.B." in interstate commerce from the State of Oregon to the State of Alaska, while having the intent that "S.B." engage in commercial sex acts (*i.e.*, prostitution). Defendant also admits that on or about September 17, 2012, in the District of Oregon and elsewhere, he knowingly transport "O.T." in interstate commerce from the State of Oregon to the State of Hawaii, while having the intent that "O.T." engage in prostitution.

6.    **Dismissal/No Additional Prosecution:**  The USAO will move to dismiss at sentencing any remaining counts against defendant, including Count 1, which would have required a 15-year mandatory minimum sentence. The USAO further agrees not to file or seek any new or additional federal criminal charges against defendant in the District of Oregon, presently known to the USAO, arising out of the investigation in this case.

7.    **Acceptance of Responsibility:**  Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so before the expiration date set forth below, the USAO will recommend a three-level reduction in defendant's offense level (or two levels if the offense level is less than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, violates the conditions of his pre-trial release, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

8.    **Advisory Guideline Calculation:**  The parties stipulate and agree to the following U.S.S.G. provisions:

| | | |
|---|---|---|
| (1) U.S.S.G. § 2G1.1(a)(2) | - Base offense level | 14 |
| (2) U.S.S.G. § 2G1.1(d)(1) | - Multiple victim enhancement | +2 |
| (3) U.S.S.G. § 3E1.1 | - Acceptance of responsibility | -3 |
| | | = 13 |

The government's position is that a +4 enhancement also applies because the offenses involved coercion (U.S.S.G. § 2G1.1(b)(1)), which would result in an offense level of 17. The parties anticipate that defendant's Criminal History Category (CHC) is III. With the +4 enhancement, the resulting advisory guidelines range is 30-37 months. However, the government will recommend an upward departure pursuant to U.S.S.G. § 2G1.1, Application Note 2, and U.S.S.G.

Ms. Tiffany Harris
Amended Plea Agreement for Michael Deonshae Willis, Jr.
Page 3

§ 5K2.2, because in addition to coercion, defendant used physical force and caused physical injury in connection with trafficking these victims.

9.  **Sentencing Recommendation:** In consideration of its agreement to dismiss Count 1 (which would have required a 15-year mandatory minimum sentence), and in light of all relevant Section 3553 factors, the government intends to recommend a departure sentence (*i.e.,* greater than the guidelines sentence), to be followed by the mandatory minimum five years of supervised release. The government will also recommend that the Court order defendant to pay a financial penalty, in the amount of the wire transfers that S.B., O.T., and others, sent to defendant over the years.

10. **Additional Departures, Adjustments, or Variances:** Both the USAO and defendant are free to request a departure, adjustment, and/or variance from the Court's determination of the applicable advisory guideline range.

11. **Restitution:** Defendant agrees that the victims named above are entitled to restitution for the costs of any physical or mental treatment that occurred after and as a result of the commission of the offenses. Defendant stipulates and agrees to the entry of an order requiring the payment of full restitution. Included within the restitution order is any agency that is paying or previously paid for the cost of the treatment to the victims. The amount is immediately payable in full and due in an amount to be described by the government at sentencing. If the defendant cannot pay the entire remaining balance at the time of sentencing, he agrees to minimum monthly payments to be determined by the Court.

12. **Waiver of Appeal/Post-Conviction Relief:** Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

13. **Court Not Bound:** The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights:** The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement:** If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing (to include

Ms. Tiffany Harris
Amended Plea Agreement for Michael Deonshae Willis, Jr.
Page 4

promoting prostitution), the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

16. **Forfeiture and Abandonment Terms:**

   A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in $320.00 in U.S. currency which is subject to forfeiture pursuant to 18 U.S.C. § 2428, which defendant admits constitute the proceeds of defendant's criminal activities in violation of 18 U.S.C. § 2421, as set forth in Counts 2 and 3 of the Superseding Indictment.

   B. **Agreement to Abandonment**: By signing this agreement, defendant represents that he is the sole owner of the following property: one brown belt with Gucci logo and belt buckle; white iPhone 5, model A1428, IMEI 013435003781112, 32 GB; and two (2) white metal earrings with multiple dark colored stones. Defendant hereby agrees to abandon all of his right, title, and interest in this property pursuant to Title 41, Code of Federal Regulations (CFR), Section 128-48.102.1, and waives his right to notice of any abandonment proceedings.

   C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees that forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

17. **Sex Offender Registration**: Although defendant will not be subject to the requirements of the federal Sexual Offender Registration Notification Act (SORNA), defendant understands that he may be subject to sex offender registration requirements under state law. Defendant further understands that failure to comply with sex offender registration requirements may subject him to prosecution under state law for failing to register as a sex offender.

18. **Memorialization of Agreement:** No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

/////

/////

/////

/////

Ms. Tiffany Harris
Amended Plea Agreement for Michael Deonshae Willis, Jr.
Page 5

19.   **Deadline:**   This plea offer expires if not accepted by **Thursday, November 13, 2014, at 5 p.m.**

Sincerely,

S. AMANDA MARSHALL
United States Attorney

*[signature]*

STACIE F. BECKERMAN
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

11-13-14
Date

Michael Deonshae Willis, Jr., Defendant

I represent defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary.

11/14/14
Date

Tiffany Harris, Attorney for Defendant